# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LESLIE ALLEN o/b/o D.A., | * | |
| Claimant, | * | |
| v. | * | Civil Case No. SAG-11-1668 |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| Defendant. | * | |

\*\*\*\*\*\*

## **MEMORANDUM**

This matter is before the Court by the parties' consent. (ECF Nos. 6, 7). Vincent Piazza, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).[1] (ECF No. 19). The Commissioner opposed Mr. Piazza's petition, contending that the fees requested in the motion would result in a windfall. (ECF No. 20). Mr. Piazza filed a reply (ECF No. 21), and after a request by this Court, the parties filed supplemental briefs. (ECF Nos. 23, 25). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Mr. Piazza's Petition for Attorney's Fees is GRANTED in part and DENIED in part.

### I. BACKGROUND

Leslie Allen filed an application for children's supplemental security income ("SSI") on behalf of her minor son, D.A., on May 28, 2008. (ECF No. 19, Exh. 2). She was represented throughout the agency proceedings by Mr. Piazza. After benefits were denied through the administrative appeals process, on June 17, 2011, Ms. Allen petitioned this Court to review the

---

[1] After this Court noted that Mr. Piazza cited the wrong statute, he supplemented the petition to request fees under 42 U.S.C. § 1383(d)(2).

1

Social Security Administration's final decision to deny her claim. (ECF No. 1). Prior to Ms. Allen submitting any briefs or motions, the Commissioner submitted a consent motion to remand her claim to the agency under Sentence Four of 42 U.S.C. § 405(g). (ECF No. 14). The court granted the consent remand on September 16, 2011. (ECF No. 15).

After the consent remand, Ms. Allen requested attorney's fees for Mr. Piazza under the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b) on November 9, 2011. (ECF No. 16). Mr. Piazza was granted $1,100.00 in fees under the EAJA.[2] (ECF No. 18). After further proceedings at the agency, on April 22, 2013, the SSA awarded past-due benefits to Ms. Allen, on behalf of D.A., in the total amount of $39,939.00. Subsequently, the SSA authorized a fee in the amount of $6,000.00 for Mr. Piazza's work in front of the agency. (ECF No. 23).

Mr. Piazza timely filed the instant Petition for Attorney's Fees thirty days after the SSA's April 22, 2013 Notice of Award. (ECF No. 19, Exh. 4). Mr. Piazza now seeks $9,984.75 for 8.8 hours of work in front of the federal district court and 30.1 hours of work in front of the SSA. (ECF No. 21, Exh. 1). $9,984.75 equals twenty-five percent of the past-due benefits awarded. The government contends that Mr. Piazza's request would result in an award that is inappropriately large in this case, and, further, that he has already been compensated for his work at the administrative level by the SSA. (ECF Nos. 20 and 25).

---

[2] Further, Ms. Allen's motion for fees under § 406(b) was granted, provided that the fee did not exceed twenty-five percent of the plaintiff's past due benefits and was "subject to final review and approval as reasonable by this Court upon receipt by this Court of a copy of Defendant's Award Notice which is to be forwarded within 30 days from the date thereon to this Court and counsel for the Defendant." (ECF No. 18). While a claimant must file a request for fees under § 406(b) within thirty days of a Sentence Four remand, that request for fees should most appropriately have been deferred or denied without prejudice to refiling within thirty days after an award of past-due benefits by the agency. Essentially, the adjudication under § 406(b) should happen after benefits have actually been awarded. The standard language currently in use in the Government's form consent orders effectuates that procedure.

## II. ANALYSIS

Upon an award of past-due benefits under Title XVI Supplemental Security Income, 42 U.S.C. § 1383 authorizes the payment of reasonable attorney's fees totaling no more than twenty-five percent of such benefits. 42 U.S.C. § 1383(d)(2)(B)(i). Section 1383 specifically incorporates provisions of 42 U.S.C. § 406(b), which governs payment of attorney's fees out of an award of past-due benefits under Title II Disability Insurance Benefits. 42 U.S.C. § 1383(d)(2)(A). In practice, the two statutes function identically, and the same considerations are undertaken in determining reasonable fees under each provision.

The Supreme Court has emphasized the primacy of the contingent-fee agreement made between attorney and client in determining the fees that should be paid to that attorney for successfully representing a claimant for Social Security benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court's role is to "review such agreements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The contingent-fee agreement between Mr. Piazza and Ms. Allen reads:

> [My attorney and I] agree that if the SSA favorably decides the claim *at any stage through the first hearing at the Administrative Law Judge level* I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. section 406(a).

(emphasis added).[3] (ECF No. 19, Exh. 3). After reviewing that language, this Court asked Mr. Piazza to provide any additional fee agreements that govern the fee for any proceedings occurring *after* the first hearing at the Administrative Judge Level, including the proceedings in

---

[3] Fee agreements approved by the agency on or after June 22, 2009 are subject to a $6,000.00 maximum. *See* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009). Because the fee agreement at issue was signed by the claimant and Mr. Piazza on May 26, 2009, the Court will assume that it was not approved by the agency until on or after June 22, 2009. That assumption coincides with the award of fees by the agency in the amount of $6,000.00.

this Court. (ECF No. 22). No additional fee agreements were submitted, suggesting that there is no contingent fee agreement governing the services Mr. Piazza provided to Ms. Allen in this Court. In fact, Mr. Piazza appears to misapprehend his own agreement, as he contends in his Petition for Attorney's Fees that, "My client and I have entered into a retainer agreement, in which the client agreed that my fee would be 25% of the client's retroactive Social Security Supplemental Security Income benefits." (ECF No. 19 at 1). No such language appears in the agreement.

This case therefore differs from the heartland of cases, which typically present with a contingent fee agreement, signed by the claimant, memorializing an agreement to pay a fee of twenty-five percent of past-due benefits. In the absence of any governing contingent fee agreement, the inquiry turns to assessing a "reasonable fee" under 42 U.S.C. § 1383(d)(2). Mr. Piazza has thus far been awarded $7,100.00 in attorney's fees — $1,100.00 for his work before the Court under the EAJA, and $6,000.00 for his representation before the agency. (ECF No. 23). After reading Mr. Piazza's petition for attorney's fees and briefs in support, this Court understands that he now requests an additional fee of $9,984.75, which equals approximately twenty-five percent of D.A.'s past-due benefits.[4] This Court lacks statutory authority to grant any counsel a total fee entitling him to more than twenty-five percent of Ms. Allen's past-due benefits. *Morris v. Soc. Sec. Admin.*, 689 F.2d 495, 497 (4th Cir. 1982). Because Mr. Piazza has already received the $6,000.00 awarded by the agency and paid from Ms. Allen's past-due benefits, only $3,984.75 remains available as the maximum potential award by this Court.

---

[4] That appears to be how the Commissioner understands Mr. Piazza's request as well. *See* (ECF No. 25 at 3) ("Mr. Piazza's request of $9,984.75 for only 8.8 hours of work at the court level amounts to a fee of over $1,000 per hour."); *see also* (ECF No. 20 at 7).

Mr. Piazza argues that his work at the administrative level should be accounted for in this Court's determination of a reasonable fee for his work before the court. However, the SSA has authorized a fee of $6,000.00 to account for that representation, and this Court declines to compensate him a second time for the very same work. Moreover, "[c]ourts are 'without jurisdiction to decree compensation for professional representation' at the administrative level[.]" *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) (quoting *Robinson v. Gardner*, 374 F.2d 949, 950 (4th Cir. 1967)); *see also* D. Md. R. 109.2(c) (stating that a motion for attorney's fees made under 42 U.S.C. §§ 406(b) or 1383(d) "may not seek any award of fees for representation of the claimant in administrative proceedings"). This Court, therefore, is limited to determining a reasonable fee for the work performed in this venue.

In assessing the reasonableness of a fee, this Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht,* 535 U.S. at 808. Several factors militate against awarding Mr. Piazza the maximum allowable remaining fee of $3,984.75 for his 8.8 hours of work. First and foremost, given the limited language in the retainer agreement presented to Ms. Allen, Mr. Piazza has presented no evidence that suggests Ms. Allen was ever made aware that he could eventually be awarded more than $6,000.00 of her past-due benefits. *See* (ECF No. 19, Exh. 3) ("I will pay my attorney *a maximum fee of the lower of* (a) 25% of all past-due benefits, or (b) $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. 406(a)") (emphasis added). The instant petition for additional fees was filed by Mr. Piazza, not Ms. Allen. Second, the character of the representation provided was not complex. The 8.8 hours involved filing only a one-page complaint, and no other substantive motions, because of the consent remand. If the Court were to allow $3,984.75 in additional fees for that court representation, the hourly rate would amount

to $452.81 per hour. That high rate is unwarranted, particularly since a significant portion of the 8.8 hours of work was comprised of tasks that could have been performed by a paralegal or administrative assistant, such as 1.3 hours for "received order granting motion for leave to proceed Forma Pauperis; mailed by certified mail, return receipt requested Summons to Office of General Counsel, Dept. of Justice and U.S. Attorney's Office[,]" .4 hours for "received and reviewed Defendant's Consent to Magistrate Judge and Notice of Appearance[,]" .2 hours for "received and reviewed Order Referring case to Magistrate Judge[,]" .9 hours for "drafted and filed Certificate of Service as to Service of Summons to Office of General Counsel, Dept. Justice and U.S. Attorney's Office[,]" and .2 hours for "received and reviewed proposed scheduling order; logged dates into calendar[.]"[5] The remainder of the "attorney work" also consisted largely of preparing and filing boilerplate documents, such as the one-page complaint and the consent to magistrate judge. Because of these considerations, this Court will award Ms. Allen's counsel $1,760.00 under 42 U.S.C. § 1383, which amounts to $200.00 per hour for 8.8 hours of attorney work. Mr. Piazza will then refund his EAJA fee of $1,100.00 to Ms. Allen, pursuant to

---

[5] It should be noted that this Court is not obligated to compensate Mr. Piazza for clerical tasks under either the EAJA or 42 U.S.C. § 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non compensable under 42 U.S.C. § 406(b)); *Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). Further, much of the "attorney-level" work performed during Mr. Piazza's representation in front of the agency also appears to include clerical work. *See* (ECF 21, Exh. 1) (for example, entries for "Received and logged-in [sic] correspondence," "Spoke to client regarding updated contact information," "Received Notice of Hearing; logged into system" (two separate entries), and "Received hearing tapes; logged into system"). In lieu of reducing the number of compensable hours, however, this Court will apply a somewhat lower hourly rate to achieve a reasonable result.

§ 206(b) of the EAJA.[6]  Mr. Piazza will ultimately receive a total fee of $7,760.00, or 19.43 percent of Ms. Allen's back benefits, for his work on this case.

**III.  CONCLUSION**

Based on the foregoing, the Court GRANTS in part and DENIES in part Mr. Piazza's Petition for Attorney's Fees. A separate order follows.

Dated: January 23, 2014                             /s/
                                                    Stephanie A. Gallagher
                                                    United States Magistrate Judge

---

[6] "Section 206(b) provides that no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee.'" *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528 (2010).